**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Jean C. Blanchard,**

**Plaintiff,**

**v.**                                    **Civil Action 2:24-cv-3684**
                                          **Judge Michael H. Watson**
                                          **Magistrate Judge Kimberly A. Jolson**

**Alisah Auto Sale, LLC, et al.,**

**Defendants.**

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, Jean Claude Blanchard, a New York resident who is proceeding *pro se*, brings this action against Defendants Ahmed Hamyn of Alisah Auto Sale, LLC, and Roosevelt Kiazen. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) under 28 U.S.C. §1915(e)(2).  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the cost have been prepaid.  28 U.S.C. §1915(a).  Having performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.      STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'"  *Flores v. U.S. Atty. Gen.,* No. 2:14- CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).  This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores,* 2014 WL 358460, at *2 (citing *Neitzke,* 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.,* 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action...." *Id.* The role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although pro se complaints are to be construed liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II.  DISCUSSION

In his Complaint, Plaintiff names Ahmed Hamyn of Alisah Auto Sale LLC, and Roosevelt Kiazen of Kiazen Consulting, Inc. as Defendants. (Doc. 1-1 at 1–2). Plaintiff alleges that Defendants fraudulently misrepresented the condition of a vehicle they sold him. (*Id.* at 3). Specifically, Plaintiff purchased a truck from Defendant Hamyn at Alisah Auto Sale LLC on April

22, 2024.  (*Id.* at 2–3).  At that time, he spoke with Hamyn about the "price, milage, and condition of the vehicle."  (*Id.*).  After negotiations, the parties agreed to a price of $14,245.  (*Id.* at 3).  Plaintiff paid the full amount with cash, a debit card, and a bank transfer.  (*Id.*).  It is unclear what role Defendant Kiazen played in the sale of the vehicle beyond Plaintiff's assertion that he transferred some of the funds to Kiazen.  (*Id.*).  Plaintiff says that since buying the truck, he had to spend around $8,000 to replace the transmission, which he alleges was defective at the time of purchase.  (*Id.*).  As relief, Plaintiff seeks $9,500, which includes the $8,000 for the replacement of the transmission.  (*Id.*; Doc. 1-2).

Ultimately, Plaintiff fails to state a claim upon which relief can be granted.  Though his Complaint does not specify a particular claim, on his civil cover sheet, Plaintiff categorized the nature of this suit as a motor vehicle and motor vehicle product liability tort.  (Doc. 1-2).  Plaintiff may be attempting to bring a state law products liability claim, then.  *See* Ohio Rev. Code § 2307.71.  Alternatively, Plaintiff may be seeking to enforce either an express or an implied warranty related to the vehicle purchase.  *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 865–86 (S.D. Ohio 2012).  These are all claims based in state law, however, and Plaintiff has not alleged a sufficient jurisdictional basis.

While true Plaintiff is a citizen of New York and identifies Defendants as citizens of Ohio, he does not allege an amount in controversy exceeding $75,000 that would allow these claims to be heard in federal court.  28 U.S.C. §1332(a); *see Hunter v. Taylor,* No. 2:15-CV-2607, 2015 WL 6506625 (S.D. Ohio Oct. 28, 2015) (adopting a magistrate judge's decision that the court lacked subject matter jurisdiction when a plaintiff's complaint failed to meet the amount in controversy requirement).  Therefore, the Court lacks diversity jurisdiction over this action.

Even construing Plaintiff's Complaint liberally, he alleges no other basis for federal jurisdiction.  And the Court need not delve into every potential federal law Plaintiff could invoke. To do so, and to subsequently allow Plaintiff's claims to proceed, would be to "conjure allegations" on his behalf.  *Martin*, 391 F.3d at 714.  Accordingly, Plaintiff's Complaint should be dismissed.

## III.    CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED.**  Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: July 22, 2024                          /s/Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE